KENDALL BRILL & KELLY LLP
Bert H. Deixler (70614)
*bdeixler@kbkfirm.com*
Patrick J. Somers (318766)
*psomers@kbkfirm.com*
Amanda D. Barrow (313583)
*abarrow@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Bavaria Fiction GmbH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

Bavaria Fiction GmbH,

Plaintiff,

v.

Sonar Entertainment Distribution, LLC,

Defendant.

Case No.

**COMPLAINT**

1. Copyright Infringement (17 U.S.C. § 101 *et seq.*);
2. Intentional Interference with Prospective Economic Advantage;
3. Unfair and/or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*);
4. Breach of Contract; and,
5. Declaratory Relief.

**DEMAND FOR JURY TRIAL**

## Nature of This Action

1. This civil action is based on, and seeks injunctive relief and damages to redress, ongoing and prospective violations of the federal Copyright Act, 17 U.S.C § 101 *et seq.*, as well as to protect the integrity and reputation of the television series *Das Boot*, which was inspired by the highly successful and critically-acclaimed

1981 film of the same name and based on the books *Das Boot* and *Die Festung* (collectively, the "Novels") by Lothar Günther Buchheim.

## **PARTIES**

2. Plaintiff Bavaria Fiction GmbH is a production company duly organized and existing under the laws of the Federal Republic of Germany, with its principal place of business in Grünwald, County of Munich, Germany.

3. Defendant Sonar Entertainment Distribution, LLC, is a limited liability company organized under the laws of state of Delaware, with its principal place of business in Los Angeles, California.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the Copyright Act claim under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyright actions).

5. This Court has subject matter jurisdiction over the common law claims under 28 U.S.C. § 1332 because a complete diversity of citizenship exists between the parties, citizens of California and Germany, and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over the common law claims under 28 U.S.C. § 1367 because they are so closely related to the Copyright Act claim that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendant because it has its principal place of business in Los Angeles, California and it conducts business in California and in this District.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and §1400(a), in that, upon information and belief, Defendant may be found in this District and a substantial part of the events giving rise to the claim occurred and are occurring in this District.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

**Bavaria Fiction Owns the Exclusive Copyright in the Series *Das Boot***

8. In 2015, Bavaria Film GmbH, a holding company of the Bavaria Film Group, purchased an exclusive and assignable First Offer Right to acquire the film rights in the Novels from Buchheim Stiftung (Foundation), which had previously been assigned all of the rights in the Novels, pursuant to a purchase agreement dated May 5, 2015 (the "First Offer Agreement").

9. The First Offer Agreement was valid for a period of two years after signature of the First Offer Agreement. The First Offer Agreement was followed and replaced by a Literary Property Option and Purchase Agreement (the "Option and Purchase Agreement") between Bavaria Film GmbH and Buchheim Stiftung, dated January 10, 2017, which is attached as Exhibit 1. The option to acquire exclusive film rights in the Novels was valid until May 5, 2017.

10. On May 4, 2017, the Bavaria Film GmbH executed the option to acquire the exclusive film rights in the Novels. The Option Execution Letter is attached as Exhibit 2.

11. Pursuant to an agreement between the Bavaria Film GmbH and Plaintiff Bavaria Fiction, Bavaria Film GmbH agreed that Bavaria Fiction shall be the sole producer of the television series "*Das Boot*," including the first and any subsequent seasons, if any, (collectively, the "Series") and that Bavaria Fiction shall own any and all rights in the Series. As a result, Bavaria Film GmbH assigned all film rights in the Novels as acquired under the Option and Purchase Agreement to Bavaria Fiction. The Deal Memorandum between Bavaria Film GmbH and Bavaria Fiction GmbH is attached as Exhibit 3.

12. The first season of the Series ("First Season") was produced by Bavaria Fiction and was initially exhibited on SKY Germany on November 23, 2018.

13. The Option and Purchase Agreement includes an option to produce the second season of the Series ("Second Season"), to be executed no later than 24 months after initial exhibition of the First Season. The option for the Second Season

was executed by Bavaria Film GmbH on March 18, 2019, as evidenced in the email from Bavaria Film GmbH to Buchheim Stiftung, attached as Exhibit 4.

14. As a result of these actions, under the laws of the Federal Republic of Germany, the rights, including copyright, necessary to produce, distribute and exploit the Second Season (and the right to receive claims and revenues in connection therewith) throughout the world (excluding the Czech Republic and Malta only) for at least the full period of copyright, have been acquired by Bavaria Fiction GmbH.

15. Under the laws of Germany, the above referenced agreements are enforceable against the respective parties thereto and convey legally binding contractual rights, including copyright, and obligations according to their terms for and against the respective parties.

16. It is not necessary under the laws of Germany in order to ensure the validity, effectiveness or enforceability of the above agreements in accordance with their terms, that they be filed, registered or recorded in public office or elsewhere or that any other document or instrument relating thereto be executed, delivered, filed, registered or recorded.

17. In accordance with the German Copyright Act, including, but not limited to, "Filmherstellerrecht" per § 94, Bavaria Fiction possesses a valid and enforceable copyright in the Series as a creative work.

18. In furtherance of Bavaria Fiction's valid and enforceable copyright related to the Series *Das Boot*, each copyright by-line for the Series states: "© Bavaria Fernsehproduktion GmbH" with an accompanying parenthetical denoting the year. Bavaria Fernsehproduktion GmbH is the former registered company name of Bavaria Fiction. On September 28, 2017, Bavaria Fernsehproduktion GmbH changed its name to Bavaria Fiction.

19. The *Das Boot* television series, first published in Germany on November 23, 2018, is not a "United States work" under 17 U.S.C. § 101, and is

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

therefore exempt from 17 U.S.C. § 411(a)'s registration requirement for bringing a copyright infringement action. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019) ("Congress removed foreign works from § 411(a)'s dominion in order to comply with the Berne Convention for the Protection of Literary and Artistic Works' bar on copyright formalities for such works."). Germany is a party to the Berne Convention. Accordingly, Bavaria Fiction possesses a valid and enforceable copyright in the Series under the United States Copyright Act.

**The First Season of *Das Boot* is a Success**

20. Prior to the debut of the First Season of *Das Boot*, Bavaria Fiction entered into a distribution agreement with Sonar Entertainment related only to the First Season (the "First Season Distribution Agreement").

21. Under the First Season Distribution Agreement, Sonar Entertainment provided Bavaria Fiction a distribution advance, and, in return, Sonar Entertainment received an exclusive license, under copyright, to distribute, exhibit and otherwise exploit the First Season of the Series during a set period of time and throughout various defined territories.

22. The First Season of *Das Boot* debuted on November 23, 2018, in Germany, and received immediate critical acclaim. Following the success of the first season, an additional season of the Series was ordered.

**Sonar Entertainment Breaches the Second Season Agreement**

23. On May 22, 2018, Bavaria Fiction and Sonar Entertainment entered into a short-form agreement (the "May 2018 Agreement") related to distribution rights of the Second Season.

24. Under the terms of the May 2018 Agreement, Sonar Entertainment was required to pay Bavaria Fiction an advance of € 11,346,943, plus applicable VAT (the "Distribution Advance").

25. The Distribution Advance was a material term of the May 2018 Agreement and payable in installments according to a pre-determined schedule. According to the schedule, Sonar Entertainment was required to pay (i) 10% upon commencement of pre-production; (ii) 10% six weeks after start of pre-production; (iii) 20% upon commencement of principal photography; (iv) 5% ten weeks following the completion of principal photography; (v) 5% on lock of all episodes; (vi) 15% on delivery and technical acceptance of the Essential Delivery Material; and (vii) 10% on the later of Sonar Entertainment's full acceptance of all remaining delivery materials or 4 months prior to the first day on which Sonar Entertainment may exploit the distribution rights.

26. The May 2018 Agreement further provides: "All additional terms shall be negotiated between the parties in good faith within customary parameters, and until a more formal agreement is executed this Agreement ***shall constitute the entire agreement between the parties in connection with the Series and shall remain valid and binding***." (Emphasis added.)

27. On or about November 2018, pre-production of the Second Season commenced. Sonar Entertainment, in accordance with the terms of the May 2018 Agreement, made the required initial payment a few weeks later.

28. On or about December 1, 2018, however, Sonar Entertainment reversed course. Sonar Entertainment contacted Bavaria Fiction and sought to enter into discussions to re-negotiate the terms of the May 2018 Agreement because it did not want to pay the full Distribution Advance.

29. For the next few months, the parties discussed re-negotiating the terms of the May 2018 Agreement. During this time period, Sonar Entertainment initially missed the deadline to pay the second tranche of the Distribution Advance due. Eventually, Sonar Entertainment made only a partial payment of the second tranche due under the Distribution Advance.

30. On February 12, 2018, the settlement talks between the parties fell apart because Sonar Entertainment was unwilling to agree to certain essential terms that Bavaria Fiction required in order to alter the May 2018 Agreement.

31. On February 13, 2019, Bavaria Fiction terminated the negotiations. As a result, the May 2018 Agreement remained in full force and effect.

32. On March 11, 2019, principal photography of the Second Season of *Das Boot* commenced. That same day, Bavaria Fiction sent Sonar Entertainment a demand letter, setting a deadline of March 15, 2019, to pay the amounts of the Distribution Advance owed under the May 2018 Agreement, which totaled € 2,434,080.35 based on the payment schedule. Bavaria Fiction further advised Sonar Entertainment that, if Sonar Entertainment did not pay the amount owed by March 15, 2019, "Sonar shall have no right, title or interest in the Distribution Rights and will be required to cease and desist from any further licensing of the Distribution Rights until Sonar fully remedies its breach of the Agreement."

33. In material breach of its obligations under the May 2018 Agreement, Sonar Entertainment refused to pay the amounts owed to Bavaria Fiction.

**Sonar Entertainment Files a Futile Arbitration Demand and Infringes Bavaria Fiction's Copyright**

34. In a desperate effort to amend the May 2018 Agreement without Bavaria Fiction's consent, on March 14, 2019, Sonar Entertainment filed an arbitration demand with the Independent Film and Television Alliance ("IFTA"), purportedly basing the jurisdiction for such a proceeding on unexecuted, draft documents related to the parties' settlement negotiations.

35. On March 25, 2019, Bavaria Fiction informed Sonar Entertainment that the May 2018 Agreement was terminated because of Sonar Entertainment's refusal to pay the Distribution Advance. In notifying Sonar Entertainment of the termination, Bavaria Fiction also advised Sonar Entertainment that "Sonar Entertainment does not have a license to all Distribution Rights" under the May

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2018 Agreement and that Sonar Entertainment "must cease and desist from any further licensing of the Distribution Rights." Bavaria Fiction further advised Sonar Entertainment that, "if Sonar Entertainment takes any steps to interfere with Bavaria's ability to license the Distribution Rights or any other right related to the Series (2nd Season), Bavaria will take swift legal and equitable action against Sonar Entertainment to prevent any interference with Bavaria's rights, or those of the new distributor."

36. In filing this present lawsuit, Bavaria Fiction formally tenders the payments it has previously received from Sonar Entertainment in connection with the May 2018 Agreement, but expressly reserves its rights to seek damages as a result of Sonar Entertainment's breach.

37. Despite being expressly informed that it had no Distribution Rights in the Second Season, Sonar Entertainment has continued to engage in unauthorized licensing activities, in violation of Bavaria Fiction's copyright.

38. For instance, on April 9, 2019, Sonar Entertainment's attorney admitted to the IFTA arbitral agent that the termination of the May 2018 Agreement was "having a negative impact on Sonar's licensing activities (e.g., at the ongoing MIPTV currently being held in Cannes, where ***Sonar Executives are actively engaged in selling the television series internationally***. . .)." (Emphasis added.) A copy of this email is attached as Exhibit 5.

39. MIPTV refers to The International Market for Content Development and Distribution, which was held in Cannes, France, from April 8, 2019 through April 11, 2019.

40. As Sonar Entertainment's attorney admitted, at MIPTV, Sonar Entertainment engaged in licensing activities related to the Second Season of *Das Boot* without any right to do so and without Bavaria Fiction's authorization.

41. Further, at the MIPTV, Sonar Entertainment prominently displayed a poster, which states "Sonar presents *Das Boot* . . . Season 2 now in production." Attached as Exhibit 6 is a photograph of Sonar Entertainment's poster.

42. Sonar Entertainment distributed a marketing deck related to *Das Boot*, which is attached as Exhibit 7. As part of the marketing deck, Sonar Entertainment used its company logo and impermissibly indicated that it had the right to deliver the rights to Second Season of *Das Boot*, which was expected for delivery in "Q1 2020."

43. Sonar Entertainment's unauthorized marketing activities have created confusion in the market place and interfered with Bavaria Fiction's efforts to sell the Distribution Rights to the Second Season. Indeed, Sonar Entertainment's attorney admitted to IFTA's arbitral agent that Sonar Entertainment's marketing activities have created "uncertainty" in the market.

44. On April 9, 2019, Bavaria Fiction reiterated to Sonar Entertainment that Sonar Entertainment's licensing activities are unauthorized and "in violation of copyright laws."

45. Upon information and belief, Sonar Entertainment continues to engage in unauthorized licensing activities and will not cease doing so without an order from a Court.

46. On April 10, 2019, IFTA informed Sonar Entertainment that it was declining to "open" the arbitration because "the redlined agreements for the second season of Das Boot were unexecuted and [IFTA] could not determine that the parties agreed to IFTA Arbitration. In addition, [the May 2018 Agreement], which was executed by the parties, states that '. . . until a more formal agreement is executed this [Term Sheet] shall constitute the entire agreement between the parties in connection with the Series and shall remain valid and binding . . .'." A copy of IFTA's decision is attached as Exhibit 5.

47. IFTA further explained that it was declining to open the arbitration because Sonar Entertainment's own submission in the notice of arbitration "confirm[ed] that [Bavaria Fiction] terminated the negotiations without signing the second season agreement, and therefore, in IFTA's view, without agreeing to IFTA Arbitration."

48. Because Sonar Entertainment has engaged and continues to engage in infringement of Bavaria Fiction's copyright interest and in other detrimental conduct toward Bavaria Fiction, Bavaria Fiction brings this action for damages, injunctive, and declaratory relief.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement – 17 U.S.C. § 101 *et seq.*)**

49. Bavaria Fiction re-alleges and incorporates by reference herein each of the foregoing paragraphs.

50. Bavaria Fiction owns the copyright, and all rights, title, and interest thereto, in *Das Boot*, including the distribution rights related to the Second Season.

51. *Das Boot* is an original work of authorship owned by Bavaria Fiction and is copyrightable subject matter under the laws of the United States and the Federal Republic of Germany.

52. The *Das Boot* television series, first published in Germany on November 23, 2018, is not a "United States work" under 17 U.S.C. § 101, and is therefore exempt from 17 U.S.C. § 411(a)'s registration requirement for bringing a copyright infringement action. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019) ("Congress removed foreign works from § 411(a)'s dominion in order to comply with the Berne Convention for the Protection of Literary and Artistic Works' bar on copyright formalities for such works.").

53. Bavaria Fiction is the owner of the copyright of *Das Boot* under the laws of the Federal Republic of Germany, a party to the Berne Convention. Copies

of the relevant documents establishing Bavaria Fiction's rights are attached to this Complaint as Exhibits 1 through 4.

54. Defendant has access to at all relevant times, and did access, *Das Boot*.

55. Defendant has infringed upon, and has announced its intention to continue to infringe upon, Bavaria Fiction's copyright interest in *Das Boot* by engaging in unauthorized and unlawful licensing activities of the Second Season of *Das Boot* to third parties, violating Bavaria Fiction's exclusive right to control the distribution rights and licensing activities, if any, in *Das Boot*.

56. Bavaria is informed and believes and on that basis alleges that Defendant had full knowledge that its acts were and are wrongful and unlawful. Nonetheless, Defendant has continued to infringe upon Bavaria Fiction's copyrights, even after Bavaria Fiction informed Defendant that it did not have any right to license the Second Season of *Das Boot* and that such actions constitute wrongful infringement. Upon information and belief, Defendant's acts of copyright infringement were committed both with knowledge that their conduct constituted copyright infringement and for the purposes of commercial advantage or private financial gain. Thus, Defendant's copyright infringement was and is willful pursuant to 17 U.S.C. § 501 *et. seq*.

57. By reason of the foregoing, Bavaria Fiction has suffered damages in an amount to be determined at trial and is entitled to all damages suffered by Bavaria Fiction, along with all gains, profits, and advantages derived by Defendant from its acts of infringement, plus exemplary or punitive damages to be proven at trial.

58. Bavaria Fiction has suffered and will suffer irreparable harm as a result of Defendant's infringing conduct, and lacks an adequate remedy at law for the injury threatened by Defendant, in that Bavaria Fiction will suffer intangible injuries, including the loss of goodwill, marketplace confusion, loss of control over its copyrighted works, and injury to Bavaria Fiction's reputation with its licensees

and its customers. Bavaria Fiction is entitled under the Copyright Act to provisional and permanent relief enjoining Defendant's infringements.

**SECOND CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Advantage)**

59. Bavaria Fiction re-alleges and incorporates by reference herein each of the foregoing paragraphs.

60. Bavaria Fiction has economic relationships with prospective distributors of *Das Boot* that contain a reasonably probable future economic benefit to Bavaria Fiction, including the benefits resulting from the sale of the distribution rights to the Second Season.

61. Defendant knew of the relationships between Bavaria Fiction and prospective distributors of the Second Season.

62. Defendant intentionally disrupted the relationships between Bavaria Fiction and prospective distributors by representing itself as the distributor of *Das Boot's* Second Season, including at the April 2019 International Market for Content Development and Distribution, where Defendant attempted to sell the Second Season internationally, displayed a poster stating, "Sonar presents Das Boot . . . Season 2 now in production," and distributed a marketing deck indicating Defendant had the right to deliver the rights to the Second Season.

63. By representing itself as having the distribution rights to Das Boot's Second Season, Defendant intended to interfere with Bavaria Fiction's relationships with prospective distributors or knew that interference or disruption was certain or substantially certain to occur. Indeed, Defendant has acknowledged that its conduct has created "uncertainty" in the market.

64. Defendant's wrongful conduct interfered with Bavaria Fiction's relationships with prospective distributors, preventing the successful sale of the distribution rights to the Second Season. As a result, Bavaria Fiction has suffered economic harm.

## THIRD CAUSE OF ACTION

**(Unfair and/or Fraudulent Business Practices – Cal. Bus. & Prof. Code § 17200 *et seq.*)**

65. Bavaria Fiction re-alleges and incorporates by reference herein each of the foregoing paragraphs.

66. By unethically and deceptively representing itself as the distributor of the Second Season of *Das Boot*, Defendant has been, and is, engaged in "unlawful, unfair or fraudulent business practices" in violation of § 17200 *et seq.* of the California Business and Professions Code.

67. Defendant has knowingly presented itself as the Second Season's distributor without any right to do so and without Bavaria Fiction's authorization, including by "actively engag[ing] in selling the television series internationally" and by displaying and disseminating marketing materials indicating it had the distribution rights at the April 2019 International Market for Content Development and Distribution.

68. Defendant's conduct has deceived or is likely to deceive members of the public, including prospective distributors of the Second Season. Defendant itself has admitted that its conduct has created "uncertainty" in the market. Defendant's acts are therefore also unfair, interfering with Bavaria Fiction's efforts to sell the distribution rights to the Second Season of *Das Boot.*

69. As a direct and proximate result of Defendant's wrongful acts, which have thwarted Bavaria Fiction's sale of the distribution rights to the Second Season, Bavaria Fiction has suffered and continues to suffer and/or is likely to suffer economic injury.

## FOURTH CAUSE OF ACTION

**(Breach of Contract)**

70. Bavaria Fiction re-alleges and incorporates by reference herein each of the foregoing paragraphs.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

71. Bavaria Fiction and Defendant entered into the May 2018 Agreement.

72. Bavaria Fiction has performed each of its obligations under the May 2018 Agreement except to the extent that it was prevented or excused from doing so by the actions of Defendant.

73. The May 2018 Agreement was a binding contract, which obligated Defendant to pay Bavaria Fiction the full amount of the Distribution Advance.

74. On March 11, 2019, Bavaria Fiction sent Defendant a demand letter, setting a deadline of March 15, 2019, to pay the amounts owed under the Distribution Advance, which totaled € 2,434,080.35 based on the payment schedule. Bavaria Fiction further advised Defendant that, if Defendant did not pay the amount due by March 15, 2019, "Sonar shall have no right, title or interest in the Distribution Rights and will be required to cease and desist from any further licensing of the Distribution Rights until Sonar fully remedies its breach of the Agreement."

75. Defendant breached its obligation under the May 2018 Agreement by refusing to pay the Distribution Advance.

76. As a direct and proximate result of Defendant's breach, Bavaria Fiction has been damaged in an amount to be determined according to proof at trial.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief)**

77. Bavaria Fiction re-alleges and incorporates by reference herein each of the foregoing paragraphs.

78. An actual controversy has arisen and now exists between Bavaria Fiction, on the one hand, and Defendant, on the other, as to whether Bavaria Fiction's conduct with respect to the second season of *Das Boot* infringes upon Bavaria Fiction's copyright interests in *Das Boot* and whether the May 2018 Agreement has been terminated.

79. By reason of the foregoing, Bavaria Fiction is entitled to a declaration that Defendant's conduct infringes upon Bavaria Fiction's copyright interests in *Das Boot*, and that the May 2018 Agreement between these two parties has been terminated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

i. A declaration that Defendant has infringed Bavaria Fiction's copyrights under 17 U.S.C. § 501;

ii. A preliminary and permanent injunction;

iii. Compensatory damages according to proof;

iv. Punitive and exemplary damages for the willful, reckless, and wanton nature of the Defendant's acts;

v. An award of costs, expenses, and attorney's fees;

vi. All further relief as is just and proper, in the determination of the Court.

**JURY DEMAND**

Bavaria Fiction demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: April 12, 2019 KENDALL BRILL & KELLY LLP

By: /s/ Bert H. Deixler
Bert H. Deixler
Attorneys for Bavaria Fiction GmbH